USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUIS JOHNSON,

                Plaintiff,

-v.-

NYU LANGONE HEALTH and BRIAN D. GOLDEN, M.D.,

                Defendants.

22 Civ. 09456 (JHR)

MEMORANDUM OPINION AND ORDER

JENNIFER H. REARDEN, District Judge:

      Plaintiff Marquise Johnson brings this action against Defendants NYU Langone Health ("NYU") and Brian D. Golden, M.D., alleging that he was sexually assaulted by Golden, a rheumatologist employed by NYU, at a November 2019 rheumatology consultation appointment. *See* ECF No. 5 (Compl.). Plaintiff asserts four causes of action: two for discrimination under the New York State and City Human Rights Laws, and one each for civil assault and civil battery. Before the Court is Defendants' motion to dismiss Counts Three and Four of Plaintiff's Complaint on statute of limitations grounds. *See* ECF No. 12 (Mot.). For the reasons stated below, Defendants' motion is GRANTED.

## I. BACKGROUND

      The following facts are drawn from the Complaint and are assumed to be true for purposes of the present motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

      In 2019, Plaintiff, who has a history of rheumatological diseases, sought medical treatment for chronic joint and back pain. Compl. ¶¶ 11, 14. On November 27, 2019, Plaintiff visited Golden's medical office for a rheumatology consultation appointment. *Id.* ¶ 10. During the appointment, Golden appeared "frenetic and unorganized," leading Plaintiff to believe that

Golden "was under the influence of an illicit substance." *Id*. ¶¶ 12-13.  Golden informed Plaintiff that he "saw nothing wrong with Plaintiff in terms of possible rheumatological illnesses," but noted that he "would need to perform a physical examination of the muscles, strength, and joints." *Id*. ¶ 16.  As part of that examination, Golden "asked Plaintiff to disrobe, and to only wear his underwear and [a] medical gown." *Id*. ¶ 18.  When Plaintiff's medical gown turned out to be too large, Golden "told Plaintiff to remove the medical gown and to sit on the table wearing only his underwear." *Id*. ¶ 20.

Golden then "made multiple comments regarding Plaintiff's physique," including that he "ha[d] a great body" and was "in amazing shape." *Id*. ¶ 22.  After beginning the physical examination by "squeez[ing] Plaintiff's arm and leg muscles," "Golden then asked Plaintiff to lay back on the table." *Id*. ¶¶ 24-25.  "Suddenly, and without using gloves, Defendant Golden lowered Plaintiff's underwear and exposed Plaintiff's penis and testicles," and "stared at [his] genitals." *Id*. ¶ 26.  After "[n]oticing Plaintiff's shock," Golden "appeared nervous and raised Plaintiff's underwear back up," "claim[ing] he was examining the penis for sores." *Id*. ¶ 28.

Next, Golden "asked Plaintiff to" stand up, "bend over[,] and touch [his] toes." *Id*. ¶ 29.  While Plaintiff was bent over, Golden "lowered Plaintiff's underwear a second time, exposing [his] buttocks, and put his bare hand between Plaintiff's buttocks cheeks." *Id*. ¶ 30.  Finally, Golden "abruptly claimed everything looked fine, and there [was] nothing he could do to help Plaintiff." *Id*. ¶ 31.  Plaintiff left his medical appointment "feeling violated, confused, and concerned he had been assaulted." *Id*. ¶ 33.

Roughly three years later, on November 4, 2022, Plaintiff filed suit.

## II.     LEGAL STANDARD

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

2

is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F3d 183, 189 (2d Cir. 2020).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014); *see also Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

### III. DISCUSSION

There is no dispute that the statute of limitations for civil assault and civil battery expired prior to Plaintiff's commencement of this action. *See* N.Y. C.P.L.R. 215(3) (establishing a one year statute of limitations for "an action to recover damages for assault[ or] battery"); *see also* ECF No. 14 (Defs.' Br.) at 5 ("under CPLR 215(3) [Plaintiff] was required to commence any action for civil assault or battery within one year [of the act], or by November 27, 2020"); ECF No. 18 (Opp. Br.) at 4 ("It is not in dispute whether Plaintiff's claim for civil battery is time-barred as the cause of action accrued on November 27, 2019[.]").[1] Plaintiff argues, however, that the Adult Survivors Act (the "ASA"), N.Y. C.P.L.R. 214-j, revives those claims. The ASA "created a one-year revival period, starting November 24, 2022, during which adult survivors of

---

[1] While Plaintiff's opposition brief focuses solely on his claim for civil battery, claims for civil assault are subject to the same one-year statute of limitations. *See* N.Y. C.P.L.R. 215(3). Moreover, both claims arise from the same doctor's appointment, meaning they accrued at the same time. Accordingly, Plaintiff's concession regarding expiration of the limitations period for his civil battery claim applies equally to his civil assault claim.

3

sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitations." *Carroll v. Trump*, 22 Civ. 10016 (LAK), --- F. Supp. 3d ----, 2023 WL 185507, at *3 (S.D.N.Y. Jan. 13, 2023).[2]

For a claim to be revived pursuant to the ASA, a defendant's underlying conduct must "constitute a sexual offense as defined in article one hundred thirty of the penal law" and have been "committed against such person who was eighteen years of age or older." N.Y. C.P.L.R. 214-j. Plaintiff, who was over eighteen on November 27, 2019, argues that Golden's conduct constituted the crime of forcible touching, in violation of N.Y. Penal Law § 130.52(1). That crime has two elements: a defendant must (1) "forcibly touch[] the sexual or other intimate parts of another person," (2) "for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire." N.Y. Penal Law § 130.52(1). The Complaint does not allege the element of forcible touching.[3]

As distinct from "fleeting contact," a "forcible touch" is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts." *People v. Guaman*, 22 N.Y.3d 678, 684 (2014). Plaintiff makes no allegation, however, that Golden touched his "sexual or intimate parts" with "some level of pressure." *Id.* For example, Plaintiff does not allege that Golden touched his genitals after Golden "lowered Plaintiff's underwear and exposed Plaintiff's penis and testicles." Compl. ¶ 26. Rather, Plaintiff avers that Golden "*stared at* [his] genitals." *Id*. (emphasis added). And although Plaintiff alleges that Golden "put his bare

---

[2] Plaintiff incorrectly states that the revival period ends in November 2024. *See* Opp. Br. 5, 6. Instead, the revival period ends "one year and six months after the [ASA's] effective date," which falls in November *2023*. N.Y. C.P.L.R. 214-j.

[3] Because Defendants' motion can be decided based on the first element, the Court does not consider the second element.

4

hand between Plaintiff's buttocks cheeks," *id.* ¶ 30, there is no allegation that Golden did so with "some level of pressure," *Guaman*, 22 N.Y.3d at 684; *see People v. Zaragoza*, 195 A.D.3d 522, 523 (1st Dep't 2021) (vacating conviction for forcible touching where "the complaint alleged that defendant touched the victim's thighs and genitals by reaching under her skirt, but it failed to allege any facts consistent with the application of pressure"). Plaintiff has not alleged the first element of the crime of forcible touching and has therefore not alleged "a sexual offense as defined in article one hundred thirty of the penal law." N.Y. C.P.L.R. 214-j.

Because Plaintiff has not alleged that Golden's conduct constituted a "sexual offense" under Article 130 of the Penal Law, Plaintiff's civil assault and civil battery claims were not revived by the ASA. And because the statute of limitations applicable to those claims has expired, as Plaintiff has conceded, *see supra* n.1, both must be dismissed.[4]

Nevertheless, because an amendment of the Complaint would not necessarily be futile, the dismissal is without prejudice. *See Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 347 Fed. App'x 617, 622 (2d Cir. 2009) ("Because it seems to us possible that plaintiff could allege additional facts [supporting the claims], and that this allegation, if made, would be sufficient to meet the high standards that *Iqbal* and *Twombly* require for pleadings, further amendment may not be futile.").

---

[4] Defendants also argue that Langone "cannot be held vicariously liable" for the alleged tortious conduct of Golden because sexual assault "cannot serve as the predicate for vicarious liability based upon *respondeat superior*." Defs.' Br. 5-6. Because both tort claims are now dismissed, the Court does not reach this issue. In any event, Plaintiff failed to counter Defendants' argument in that regard. Thus, any tort claims against NYU have been abandoned. *See, e.g.*, *Annam v. City of New York*, No. 22 Civ. 2945 (LGS), 2023 WL 35053, at *1 (S.D.N.Y. Jan. 4, 2023) (deeming abandoned claims where plaintiffs did not oppose defendants' argument for dismissal).

IV.     CONCLUSION

For the reasons stated above, Defendants NYU Langone Health and Brian D. Golden, M.D.'s motion to dismiss is GRANTED.  Counts Three and Four of the Complaint are hereby DISMISSED without prejudice.  Plaintiff Marquise Johnson shall have thirty days to amend his Complaint.

The Clerk of Court is directed to terminate ECF No. 12.

SO ORDERED.

Dated:  September 30, 2023
         New York, New York

_____
JENNIFER H. REARDEN
United States District Judge